# GARRABRANDT

## *v.*

# BOSTON MOLASSES COMPANY.

San Juan, Law, No. 1170.

INTERPRETATION OF COURT RULE No. 51.

**Party as First Witness—Contradiction of Other Witness.**
  The rule of this court, that a party used as a witness must be

placed upon the stand at the beginning of the evidence for his side, was designed to prevent the party being used to bolster up defective evidence of his witnesses, and does not apply to using the party afterwards to contradict the evidence of the other party's witness on a point.

Opinion filed June 20, 1917.

---

*Mr. H. R. Francis* for plaintiff.

*Mr. Chas. Hartzell* for defendant.

HAMILTON, Judge, delivered the following opinion:

The witness Salazar is placed upon the stand by the defendant after one witness has been heard by the defendant. It is said that the reason for calling Mr. Gonzalez first was that he was sick and wanted to go home. The examination proposed by the question that is asked the witness Salazar is as to contradiction of a witness for the plaintiff. The matter necessarily is within the knowledge of Mr. Salazar, and him alone.

The principle of rule 51 is invoked, which is that, unless agreed otherwise, a party used as a witness must be placed upon the stand at the beginning of the evidence for his side. I do not know the date of this rule, but it was here in 1913, and had been in existence some time before that, and has been invoked several times and enforced every time that it was invoked, as all rules are.

I have no doubt that the rule applies to Mr. Salazar as a defendant in regard to substantive evidence. The doubt in my mind relates to this particular question. If Salazar had

Garrabrandt v. Boston Molasses Co.

not been in the court room and it was desired to use him to contradict the evidence of the witness in question, the evidence of that witness would have been stated to him. Under the circumstances he has learned from being in court only what he would have learned if he had not been in court; and the question comes up as to whether this rule applies to a case of this sort; whether it applies everywhere that its terms indicate or whether it is to be interpreted in a reasonable manner to expedite the trial of a case.

The easier plan always is just to enforce without looking behind the rule at all as to the reason for it. Rules for the government of the trial of a case are designed to enforce justice. I do not think that the question now asked is within the reason of rule 51. The reason for rule 51 is that a party shall not sit here and hear all his own witnesses, and then go upon the stand and bolster up anything where they have failed to bring out what the party wants brought out. That is the reason of the rule. For that reason it is improper that the party hear the testimony that he is supposed to bolster up. Now in the case immediately before me that is not true at all. He is asked a question that he would learn just as well if he had not been in court as if he had been in court, and it looks to me like the rule reasonably interpreted would not apply to the contradiction of the preceding witness. That as to all substantive testimony it does apply.

The objection is overruled as to this particular question.